PETERSON LINOTYPING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11867.   Promulgated February 6, 1928.

*I. N. Nelson, Esq.*, for the petitioner.
*James A. O'Callaghan, Esq.*, for the respondent.

**OPINION.**

MARQUETTE: The petitioner contends that the amount of $41,023.79 embezzled by Budde in the year 1914 constituted a debt which became worthless in 1921 when Budde went into bankruptcy wholly insolvent, and that it is properly deductible from gross income for the year 1921 as a debt ascertained to be worthless and charged off within that year. We are, however, unable to agree with the petitioner's contention. The issue here presented has been decided by this Board in several cases adversely to the contention that the petitioner herein makes. In *Parker Wire Goods Co.* v. *Commissioner*, 8 B. T. A. 448, the facts of which are very similar to those of the instant proceeding, we held that a fraudulent appropriation of petitioner's goods con-

544

stituted "losses sustained," rather than "debts ascertained to be worthless." We think that the conclusion reached in that case is sound and applicable here and that the embezzlement by Budde from the Regan Printing House, Inc., constituted a loss to the company but did not create the relation of debtor and creditor. No doubt the company had a cause of action against Budde to recover the money he had embezzled, but the right to recover did not rest upon either an express or an implied contract.

A loss can only be deducted from income for the year when it was sustained. In *John H. Farish* v. *Commissioner*, 7 B. T. A. 793, it was held that the petitioner's loss by embezzlement, as here, occurred when the money was taken although petitioner did not know of the embezzlement until a later year. The same holding was announced by United States District Court for the Southern District of Ohio in ·the case of *United States* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, February 23, 1916, unreported. In that case the court said:

The time of the discovery of the loss bears no relation to the date the loss was sustained. The loss was sustained when the theft occurred, although the defendant did not know at the time of the depletion of depletion of its assets.

See also *Appeals of J. A. Bentley* and *E. W. Zimmerman*, 5 B. T. A. 314.

The record herein establishes clearly that the embezzlement by Budde took place in the year 1914. The resulting loss to the Regan Printing House, Inc., was therefore sustained in that year and it may not be deducted in computing net income for a later year.

Reviewed by the Board.

*Judgment will be entered for the respondent.*