SOUTHERN SCHOOL-BOOK DEPOSITORY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12129.   Promulgated February 21, 1928.

*W. L. McFarland, C. P. A.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

MORRIS: While there are four issues raised by the pleadings we will address ourselves to the first and third, the second and fourth having been abandoned at the hearing.

The first question urged by the petitioner relates to the action of the respondent in disallowing in invested capital the value of intangible assets taken over from the predecessor copartnership. Section 331 of the Revenue Act of 1918 provides:

In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: *Provided,* That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

The change of ownership of the property here under consideration having taken place after March 3, 1917, and all of the capital stock of the petitioner having been issued to the partners of the pre-existing copartnership, the petitioner is not entitled to any greater value for invested capital purposes than would have been allowed to the predecessor partnership, and since we have no proof relating to the invested capital of the partnership we affirm the respond-

ent. Even if the petitioner's contention were correct, that section 331 is not applicable when stock is subsequently sold to outside interests, it has failed to prove any value for the intangible assets.

The third allegation of error relates to a disallowance of a deduction of $11,055.96, which is the difference between the amount of a defalcation suffered by the prior partnership and the value of property received from the defaulting employee. The petitioner claims this deduction for 1920 as a loss, while the respondent allowed the deduction in 1921, when the property received from such employee was disposed of. The defalcation occurred in 1917. In the case of *United States* v. *Cleveland, Cincinnati, Chicago & St. Louis Railway Co.* (unreported), United States District Court, Southern District of Ohio, February 23, 1916, the court said:

The time of the discovery of a loss bears no relation to the loss sustained. The loss was sustained when the theft occurred, although the defendant did not know at the time of the depletion of its assets. As each embezzlement occurred, the defendant was poorer to the extent of it. It then sustained a loss.

We have previously held that a loss is sustained in the year in which the embezzlement occurs. *National Sash & Door Co.* v. *Commissioner*, 5 B. T. A. 931; *Appeal of J. A. Bentley*, 5 B. T. A. 314. The petitioner did not therefore sustain a loss in 1920.

The respondent allowed petitioner a deduction of $11,055.96 for the year 1921, representing the difference between the amount of the defalcation of an employee of the predecessor partnership and the value of the property received by it in 1917 from the defaulting employee. The record does not show upon what theory or for what reason the respondent allowed this deduction in 1921. He may have had good reason for so doing. It may be that the petitioner in taking over the business and assets of the partnership in March or April, 1919, acquired the claim against the defaulting employee as an account receivable, and that the respondent determined this was ascertained to be worthless and charged off in 1921. On this theory the record does not support the deduction for 1920, the year for which it was claimed by the petitioner. Upon the record we approve the respondent's determination without expressing any opinion as to the correctness thereof.

*Judgment will be entered for the respondent.*