DRAYTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31064. Promulgated February 27, 1930.

*A. E. Tinsley, Esq.,* and *L. C. Dodge, C. P. A.,* for the petitioner. *C. H. Curl, Esq.,* for the respondent.

OPINION.

BLACK: No deficiencies were determined for the fiscal years ending March 31, 1921, and March 31, 1922, and we would have no jurisdiction over such years but for the fact that under the Act of 1921 the petitioner is entitled to have the same proportion of its net loss for the fiscal year ending March 31, 1921, carried forward and deducted from the net income of the petitioner for the succeeding fiscal year, which the portion of such fiscal year falling within the calendar year 1921 is of the entire fiscal year. Under this provision of law petitioner's 1921 net loss is carried forward and wipes out all of its income in the fiscal year ending March 31, 1922, and the balance of such net loss is carried forward and used as a deduction in determining petitioner's net income for the fiscal year ending March 31, 1923.

In view of the fact that respondent has asserted a deficiency for 1923 amounting to $5,747.36, it is necessary for us to consider the years 1921 and 1922 in order to determine the correct amount of the deficiency for 1923. We therefore have jurisdiction over the fiscal years ending March 31, 1921 and 1922, for the purpose of determining the amount of net losses, notwithstanding no deficiencies have been asserted for either of those two years. For the fiscal year ending March 31, 1925, there is an overassessment. We have no jurisdiction over appeals involving overassessments, and the appeal for 1925 is dismissed.

Petitioner alleges that respondent erred in not allowing it depreciation on machinery at the rate of 7½ per cent per annum, instead of 5 per cent in each of the taxable years. After a careful review of all the evidence we have found that 6½ per cent would be a reasonable rate of depreciation to allow petitioner on its machinery used in operation for each of said years 1921, 1922, 1923, and 1924.

Section 234 of the Revenue Acts of 1921 and 1924 provides in substance that deductions shall be allowed to corporations in computing net income for (1) all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business; (2) all interest paid or accrued within the taxable year on indebtedness. It is not contended by petitioner that these amounts of so-called interest on deferred dividends on preferred stock which it paid out in each of the taxable years were ordinary and necessary expenses paid or incurred in the respective years in carrying on any trade or business.

It is plain that such payments were not ordinary and necessary expenses within the meaning of the subdivision of the statute above referred to. It is contended, however, by the petitioner that the deferred preferred stock dividends constituted indebtedness of the petitioner and that the interest paid thereon was interest paid on indebtedness and therefore deductible; while respondent claims that the interest is payable only from net earnings and is merely a part of the dividend and not deductible either as an expense or interest paid.

In many cases the question has arisen whether so-called stock was in reality preferred stock, or a mere evidence of indebtedness, but we have no hesitancy in holding that the stock here involved is preferred stock and not evidence merely of a loan of money and creation of an indebtedness. The preferred stockholders in petitioner corporation have the right to vote. At this point it may be well for us to point out that the Revenue Acts of 1921, 1924, 1926, and 1928 all carry identical language with reference to the deductions allowed corporations, in determining their net income, for ordinary and necessary expenses and for interest paid or accrued on indebtedness.

Article 564, Regulations 62 (Revenue Act of 1921) reads:

Interest paid by a corporation on scrip dividend is an allowable deduction. So-called interest on preferred stock, which is in reality a dividend thereon, can not be deducted in computing net income.

This same regulation is carried forward in Regulations 65, relating to the Act of 1924; Regulations 69, relating to the Act of 1926; and Regulations 74, relating to the Act of 1928. We think that these regulations correctly interpret the law and that the interest on deferred preferred dividends which petitioner seeks to deduct in this proceeding is not a deductible item. We hold that the preferred dividend provided for in the preferred stock certificate of petitioner was measured by the dividend proper, plus its accumulation, and the amount of this aggregate sum at the date declared would be the measure of the dividend. In other words, the preferred stockholder was entitled under his stock certificate to receive an amount equal to the 7 per cent dividend plus its accumulated interest before the common stockholder was entitled to receive any dividend at all.

No indebtedness existed between petitioner and holders of the preferred stock until payment of the dividend with interest thereon was authorized, and then the relationship of creditor and debtor existed until payment of the dividend plus its so-called accumulated interest. Any interest paid on the preferred stock dividend from the date it was declared to the date of its actual payment would be in the same category as interest paid on scrip dividends and should be allowed

in the year in which it is paid or accrued. The action of the respondent in disallowing as a deduction the so-called interest paid on these preferred stock dividends for the period prior to the date of their declaration is approved.

*Judgment will be entered under Rule 50.*