NORTHWAY SECURITIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33996.   Promulgated June 2, 1931.

*Claude I. Parker, Esq., George H. Koster, Esq.,* and *John B. Milliken, Esq.,* for the petitioner.

*J. E. Marshall, Esq.,* for the respondent.

534

OPINION.

MATTHEWS: The deficiency notice covering the years 1921 and 1922 was based on a revenue agent's report for the years 1919 to 1922. The recommendations of the revenue agent for the years 1921 and 1922 were followed by the respondent in his 30-day letter and the subsequent notice of deficiency, which forms the basis for this proceeding. The revenue agent determined the net loss to be $234,517.76 and as the respondent accepted the revenue agent's report and made it the basis of his notice of deficiency, we have found the net loss to be in the amount determined by the revenue agent and approved by the respondent.

Section 204 of the Revenue Act of 1921 provides:

(a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business); * * *

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *

The respondent contends that the petitioner may not deduct the net loss sustained in 1921 from its 1922 net income, since the petitioner is a separate legal entity from the Speedometer Company and, hence, is not the same "taxpayer" within the meaning of the statute, and, furthermore, that the petitioner is engaged in a different line of business from that carried on under the name of Van Sicklen

Speedometer Company, and, therefore, the net loss sustained by the Speedometer Company in 1921 was not a net loss sustained by the petitioner in a business regularly carried on.

We do not agree with these contentions of the respondent. We believe that the petitioner is the same "taxpayer" as the Speedometer Company within the meaning of section 204. The only change in the articles of incorporation was the change in name, which is merely a formal matter. The stockholders and the amount of its capital stock remained the same, and it proceeded to carry on business under the same charter. The mere change in name did not result in the creation of a new legal entity. See *A. J. Siegel*, 4 B. T. A. 186; *Estate of William L. Curry*, 17 B. T. A. 282; *Girard* v. *Philadelphia*, 7 Wall. 1.

Neither do we see any merit in the respondent's contention that the transaction was not one resulting from a trade or business regularly carried on. Since its organization petitioner has been engaged in the manufacture and sale of speedometers. It sold all of the assets which it was using in this business and proceeded to use the proceeds to engage in another line of business which it was authorized to engage in under its charter. Section 204, above referred to, provides that the term "net loss" includes the loss resulting from the sale of capital assets used in the trade or business regularly carried on. In *Edgar L. Marston*, 18 B. T. A. 558, we held that, where liabilities were incurred by a taxpayer in the ordinary course of the operation of a partnership of which he was a member and were paid by him two years after its dissolution, any losses sustained thereby were losses resulting from the operation of a business regularly carried on within the meaning of section 204 (a) of the Revenue Act of 1921. In connection therewith, we said:

We find nothing in section 204, however, which limits its application to instances where the net loss resulted from the operation of a trade or business within the year in which the loss was sustained. It is sufficient under the statute if the loss *results* from the operation of a trade or business, whether the taxpayer was so engaged during the particular year or not. The purpose of section 204 was to relieve from the harsh rule that required one's tax liability to be determined solely from the happenings of a 12-month period. It is a relief provision and should be liberally construed.

Under the provisions of subdivision (b), section 204, a taxpayer who sustains a net loss is entitled to deduct the amount thereof from its net income for the succeeding taxable year. Since the amount of the net loss for 1921 is in excess of the net income as determined by the respondent for 1922, it is clear that there is no tax due from the petitioner for 1922 and that there is an overassessment for that year.

*Judgment will be entered under Rule 50.*