SOUTH DAKOTA CONCRETE PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39830. Promulgated October 31, 1932.

*H. A. Mihills, C. P. A.,* for the petitioner.
*John D. Kiley, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $710.07 in the income-tax liability of the petitioner for the year 1926. The petitioner waived an assignment of error to the effect that two

notes were not worth face value when received in 1926, and the only question presented for our consideration is whether or not the Commissioner erred in including in gross income of the year 1926, $5,259.74 representing amounts embezzled in prior years and recovered in 1926.

The following allegations of the petition were admitted in the answer:

That for a period extending from the year 1921 until about June 5, 1926. the petitioner employed one Lola Root, as a confidential office assistant and bookkeeper, at its principal place of business in Watertown, South Dakota.

That the said Lola Root left the employ of petitioner on or about the 5th day of June, 1926.

That after the 6th day of June, 1926, and prior to the 2nd day of August, 1926, petitioner determined, as a result of an audit of its books of account and record, that said Lola Root, while in petitioner's employ and between October 10, 1922 and May 29, 1926, without the knowledge or upon authority of the petitioner or any of its agents, misappropriated to herself and embezzled various and sundry sums of money belonging to the petitioner, aggregating $6,082.20.

That said sum of $6,082.20, was misappropriated and embezzled during the calendar years 1922 to 1926, inclusive, in the amounts hereinafter set opposite the respective years.

| Year | Amount |
| --- | --- |
| 1922 | $82.00 |
| 1923 | 1,528.23 |
| 1924 | 1,673.45 |
| 1925 | 1,976.06 |
| 1926 | 822.46 |
| Total | $6,082.20 |

That the sums so misappropriated and embezzled were charged, on petitioner's books of account and record, to various and sundry operating and expense accounts and were, therefore, unbeknownst to petitioner, deducted from the gross income in petitioner's returns of income filed for such years.

Upon discovery of the misappropriation and embezzlement, S. L. Root and his wife, Martha E. Root, father and mother, respectively, of Lola Root, voluntarily tendered to petitioner, a note dated July 20, 1926 for the principal sum of $4,000.00 and a note dated August 2, 1926, for the principal sum of $2,500.00, both of said notes being secured by second mortgages of like principal sums.

The Commissioner added $5,259.74 to the income reported by the petitioner for the year 1926. In the notice of deficiency he explained that the addition represented " a restoration to income on account of the recovery by taxpayer in 1926 of amounts embezzled during the years 1923, 1924 and 1925. It appears that the various amounts embezzled by the bookkeeper were charged to expense by him [sic]; hence, the recovery of such amounts is considered income in 1926, the year in which recovered. See Article 50 of Regulations 69."

He further explained: " Income Tax 1470, Cumulative Bulletin 1–2, Page 60 and Solicitor's Law Opinion 845, Cumulative Bulletin 1, Page 118 * * * contemplate a condition where the taxpayer had not received the benefit of the deductions."

The amount embezzled in 1926 was recovered in that year and apparently the loss and recovery were not reflected in the return for the year. Consequently, the only change which the. Commissioner made from the income reported was the addition of the losses previously deducted by the petitioner for the years 1922 to 1925, inclusive, as expenses. We note that the total amount embezzled was $6,082.20, whereas the notes given in restitution had a face value of $6,500 and the Commissioner only included in income the amount deducted in prior years instead of $5,677.54, the amount of the notes less the amount embezzled in 1926. We do not know why there are these discrepancies in the figures, but since there is no question raised in this connection we will disregard them.

The amounts misappropriated and embezzled during the years 1922 to 1925, inclusive, were charged to expense accounts on the books of the petitioner and were deducted from gross income on its income-tax returns as ordinary and necessary expenses. Obviously the petitioner sustained a loss in each of these years in the amount embezzled in that year. Deductions for losses to which it was entitled were secured through deductions for ordinary and necessary expenses to which it was not entitled, with the result that, so far as these items are concerned, its income-tax liability for these years has been correctly determined. Since the question of the value of the notes has been waived, we must assume that they were the equivalent of cash. Therefore, in 1926 the petitioner recovered the money embezzled and the question is whether or not, under such circumstances, it should return as income in the year of recovery the amount previously deducted.

The Commissioner has added no more to income than has been deducted previously, thus bringing the amount of income reported over the period in balance with the actual income of the taxpayer for this period. In the year 1926 the petitioner actually received in cash, for its own use and benefit, income earned in previous years, but unlawfully taken from it. It is true that these earnings have heretofore been included in gross income. But deductions have been taken and allowed which exactly offset each original inclusion. That these deductions were taken under an improper heading is beside the point. The fact is that the petitioner was entitled to the deductions so far as the amount was concerned and it received the benefit of them. It has frequently been held that when recovery is made on

debts once deducted as bad, the amount recovered is properly to be reported in income for the year of recovery. *Putnam National Bank,* 20 B. T. A. 45; affd., 50 Fed. (2d) 158; *First National Bank of Key West,* 26 B. T. A. 370; *Askin & Marine Co.,* 26 B. T. A. 409; *Nott-Atwater Co.* v. *Poe,* 33 Fed. (2d) 1000; *Commissioner* v. *Liberty Bank & Trust Co.,* 59 Fed. (2d) 320. Expenses once deducted but reduced by later adjustments require similar treatment. *Chicago, Rock Island & Pacific Ry. Co.,* 13 B. T. A. 988; affd. on this point, 47 Fed. (2d) 990; certiorari denied, 284 U. S. 618; *Charleston & Western Carolina Ry. Co.,* 17 B. T. A. 569; affd., 50 Fed. (2d) 342; *Chicago & North Western Ry. Co.,* 22 B. T. A. 1407, 1436; *Atlantic Coast Line R. R. Co.,* 23 B. T. A. 888; *S. & L. Building Corp.,* 19 B. T. A. 788 (this point not passed on by Circuit Court of Appeals); *Avery & Sons, Inc.,* et al., 26 B. T. A. 1393; *Burnet* v. *Sanford & Brooks Co.,* 282 U. S. 359, reversing 35 Fed. (2d) 312, which reversed 11 B. T. A. 452. Furthermore, these cases hold that income-tax liability under the Federal revenue acts is to be determined on annual periods on the basis of facts as they existed in each period, and when an adjustment occurs which is inconsistent with what has been done in the past in the determination of tax liability, the adjustment should be reflected in reporting income for the year in which it occurs. That any other system would be so uncertain and unsatisfactory as to require its rejection is apparent if one considers the effect of the statutes of limitation, the obvious administrative difficulties involved, together with the lack of finality which would exist as to all income-tax liability. In laying down these rules the courts and this Board have been fully conscious of the fact that losses will some times be deducted where the future will eventually disclose compensation, and there will be reported as income that which is in fact only compensation for loss. But the deductions are practical necessities due to our inability to read the future, and the inclusion of the recovery in income is necessary to offset the deduction. Where, as here, a taxpayer has received the benefit through an offset against income of amounts embezzled from it, we perceive no distinction in principle from the rule laid down in the above cases. Therefore, we hold that when the taxpayer recovers the amounts previously embezzled and offset against income, it must report the amount as income for the year of the recovery.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

GOODRICH dissents.