GOTTLIEB REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42528. Promulgated June 20, 1933.

*Perry Post Taylor, Esq.*, for the petitioner.
*J. H. Pigg, Esq.*, for the respondent.

OPINION.

LEECH: Although the Commissioner disallowed the claimed deduction of $10,175 as a loss sustained in 1926, on the ground that the misappropriation occurred in 1924, the parties have now stipulated that petitioner's officers and directors wrongfully took that amount in 1926. The applicable provisions of the Revenue Act of 1926 are:

SEC. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. \* \* \*

The Commissioner now contends that the asserted loss is not deductible for 1926 because the existence of petitioner's claim against the persons who misappropriated its funds and the subsequent suit thereon in its present indeterminate status indicates that the loss incurred when the money was wrongfully taken may yet be *compensated* for within the meaning of the statute.

The existence of the claim by petitioner for recovery of its misappropriated funds, sounding as it does in no contract, expressed or implied, did not create the status of debtor and creditor between petitioner and those who mulcted it. *Peterson Linotyping Co.*, 10 B.T.A. 542. Thus the amount misappropriated in 1926 could not be allowed as a bad debt deduction either in that year or any subsequent year in which the claim was ascertained to be worthless and charged off. *Parker Wire Goods Co.*, 8 B.T.A. 448; *Peterson Linotyping Co.*, *supra; Bank of Wyoming*, 22 B.T.A. 1132. Here a loss was incurred through the embezzlement of petitioner's funds and a loss may be allowed as a deduction only in the year *sustained*. Sec. 234 (a) (4), *supra*. An embezzlement loss is sustained in the year in which the taxpayer's property is wrongfully taken. *Burnet v. Huff*, 288 U.S. 156; *Parish v. Commissioner*, 31 Fed. (2d) 79; *Peter Frees, Jr.*, 12 B.T.A. 737.

The amount of $10,175 was wrongfully taken from petitioner in 1926 and the loss then sustained was not compensated for by insurance or otherwise, unless the pending suit, instituted by petitioner three years after the misappropriation against those, now financially irresponsible, who wrongfully took its funds, contradicts the existence of a closed transaction within the quoted provision and thus bars the claimed deduction.

The mere possibility or the bare hope of a future development permitting recovery does not bar the deduction of a loss clearly sustained. *United States v. White Dental Mfg. Co.*, 274 U.S. 398; *Joseph H. Rudiger*, 22 B.T.A. 204.

The entire scheme of Federal taxation, evidenced by the several statutes incorporating it, is based upon annual periods and facts occurring within such periods. A rejection of this basis by indefinitely extending these periods, in view of the statutes of limitation and resulting lack of finality, would render impossible the practicable administration of the very system itself. *South Dakota Concrete Products Co.*, 26 B.T.A. 1429. Thus, in the last cited case, in affirming the Commissioner's action in taking into income in the year of recovery compensation for a loss sustained and for which petitioner had been allowed a deduction from income as an expense in the year sustained, we said: "In laying down these rules the courts and this Board have been fully conscious of the fact that losses will sometimes be deducted where the future will eventually disclose compensation * * *."

We conclude that the misappropriation of $10,175 in 1926 constituted a loss sustained and deductible in that year pursuant to section 234 (a) (4), *supra*.

Although the Board has no jurisdiction to determine whether or not the income taxes of petitioner for the years 1924 and 1925 have been overpaid or underpaid, we may consider such facts with relation to the taxes for the earlier years as may be necessary to determine correctly the amount of the deficiency for 1926. Section 274 (g) of the Revenue Act of 1926; *Drayton Mills*, 19 B.T.A. 76; *Greenleaf Textile Corp.*, 26 B.T.A. 737.

It follows from our determination as to the misappropriation in 1926 that petitioner sustained deductible losses from similar misappropriations of $43,032.46 and $26,621.97, in 1924 and 1925, respectively, which resulted in asserted net losses of $27,702.80 for 1924 and $19,449.73 for 1925. Is petitioner entitled to carry forward such net losses as a deduction in computing net income for the year 1926? To be so deductible the net losses must be such as are defined in section 206 (a) (1) of the Revenue Acts of 1924 and 1926, which provides:

As used in this section the term "net loss" means the excess of the deductions allowed by section 214 or 234 over the gross income, with the following exceptions and limitations:

(1) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business.

We have held analogous embezzlement losses claimed by individuals to have occurred "in trade or business" under section 214 (a) (4) of the Revenue Acts from 1918 to 1926. Cf. *John H. Farish & Co. v. Commissioner*, 31 Fed. (2d) 79; *J. A. Bentley*, 5 B.T.A. 314; *William S. Phillips*, 24 B.T.A. 98. The only business in which the

petitioner was engaged during the years involved, disclosed by the record here, was that of "buying, selling and renting real estate."

In our opinion the losses sustained by petitioner from the wrongful taking of its funds by its officers and directors is attributable to the operation of its trade or business regularly carried on within the meaning of the statute and constitutes a proper deduction in the computation of the statutory net losses for 1924 and 1925, which should be carried forward as a deduction in computing net income for 1926. *Piggly Wiggly Corp.*, 28 B.T.A. 412. Cf. *Greenleaf Textile Co.*, *supra; 379 Madison Avenue, Inc.* v. *Commissioner*, 60 Fed. (2d) 68; *Northway Securities Co.*, 23 B.T.A. 532.

In recomputing the pending deficiency effect will be given to deductions which may have been heretofore allowed to petitioner for 1924 and 1925 as items of expense or otherwise and which are here identified as deductible losses. *South Dakota Concrete Products Co.*, *supra.*

*Judgment will be entered under Rule 50.*